UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

ROSE CARINE THEVENIN

    Plaintiff,

v.

FLORIDA MEMORIAL UNIVERSITY, INC

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ROSE CARINE THEVENIN, by and through her undersigned counsel, sues the Defendant, FLORIDA MEMORIAL UNIVERSITY, INC., and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and to remedy violations of the rights of MS. THEVENIN under the Americans with Disabilities Act of 1990, as amended, including the ADA Amendment Act of 2008 ("ADA"), the Florida Civil Rights Act of 1992, as amended ("Chapter 760" or "FCRA"), and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq to redress injuries done to her by the Defendant, FLORIDA MEMORIAL UNIVERSITY, INC.

2. The unlawful acts which gave rise to this Complaint occurred within Miami-Dade County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. At all times material hereto, Plaintiff has been a citizen and resident of Miami-Dade County, Florida and is otherwise *sui juris*.

1

4. At the relevant time, Plaintiff was a disabled woman, and, as such, Plaintiff is a member of a protected class under the ADA and Chapter 760 because the terms, conditions, and privileges of her employment were altered because of her disability.

5. At all times material hereto, Plaintiff was an individual who had rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601.

6. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

7. Defendant has, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADA and FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

8. At all times material hereto, Defendant was a covered employer within the meaning and contemplation of the FMLA, 29 U.S.C. §2611(4)(A), in that it employed more than 50 employees within a 75-mile radius in each calendar year.

9. Plaintiff was qualified for FMLA leave in that she had worked more than 1250 hours for Defendant in a twelve (12) month period immediately preceding her application for FMLA leave.

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

12. Plaintiff was issued a Notice of Right to Sue on April 30, 2023. This suit is filed in accordance with that Notice and within the applicable ninety (90) day limitations period (a copy of the Notice is attached hereto as Exhibit "A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

14. Defendant hired Plaintiff in August 2001 as an Assistant Professor of History and College Historian. In 2006, the Defendant promoted the Plaintiff to Associate Professor of History.

15. As an Associate Professor of History, Plaintiff's primary duties and responsibilities included teaching courses, mentoring, committee assignments, and student advisement.

16. Plaintiff was qualified for her position as the Associate Professor of History based on her experience and training.

17. On August 30, 2021, as the Plaintiff was driving home from work, she was involved in a motor vehicle accident. The Plaintiff suffered a significant back injury limiting her mobility long-term. The next morning, the Plaintiff notified Ms. Youseline Poteau, Director of Human Resources, Dr. Frederick Hunter, Department Chair, and Dr. Samuel Darko, Dean of School of Arts and Sciences, that she was involved in an accident and required medical attention. The Plaintiff informed them that she notified her students that she would hold class online and assured them that the accident would not interfere with her ability to teach her courses and would not interfere with the learning process of her students. Ms. Poteau, Dr. Hunter, and Dr. Darko responded that they hoped the Plaintiff recovered soon. The Plaintiff began teaching her courses online just as she had during the Covid-19 pandemic.

18. In mid-September 2021, the Plaintiff requested FMLA leave as a reasonable accommodation and provided her medical records and other supporting materials to Ms. Toni Clarke, Human Resources Coordinator.

19. A few days later, Dr. Darko asked the Plaintiff when she was going to return to in-person teaching. The Plaintiff responded that she was doing the best she could and would notify him of any changes.

20. About one week after the Plaintiff requested FMLA leave, she contacted Ms. Clarke to inquire as to the status of her FMLA leave request. Ms. Clarke informed the Plaintiff that her FMLA leave had been approved, but she would need to continue to work until October 8, 2021 before going on leave for the remainder of the Fall 2021 semester.

21. The Plaintiff then emailed Dr. Hunter and Dr. Darko to inform them about the approval of her FMLA leave. Dr. Hunter responded that the Plaintiff was "disrupting departmental functions" and "inconveniencing" the department and the students. The Plaintiff responded that she was not disrupting anything and that if the Defendant needed a replacement, they could contact Mr. Timothy Barber, an Adjunct Professor who previously covered the Plaintiff's classes. After this email exchange, the Defendant abruptly removed the Plaintiff's online teaching access to all of her courses and also removed her students' ability to access her courses online. Students were unable to access course materials, assignments, and exams.

22. The next business day, Dr. Hunter told the Plaintiff to email her students and instruct them to physically report back to class on campus where they would meet their new instructors (Dr. James Mauer and Timothy Barber) for the remainder of the semester. The Plaintiff emailed her students as directed.

23. The following day, Dr. Hunter told the Plaintiff that Human Resources had not yet approved Mr. Barber to take over the Plaintiff's course instruction. The Plaintiff informed him that she already emailed the students based on his prior instructions. After students contacted Dr. Jacqueline Hill, Provost, about the problems, Dr. Hill said that the students were confused and did not know what was going on. The Plaintiff told Dr. Hill that the Defendant terminated her online teaching access and student online access to her courses, which impeded completion of student assignments. Upon learning this information, Human Resources reiterated the October 8, 2022 date FMLA leave start date. Dr. Hill directed the Defendant's IT and Cyberzone to reinstate online access for the Plaintiff's students and the Plaintiff, allowing her to work remotely until October 8, 2021. The Plaintiff worked until that date and was scheduled to return to work in January 2022.

24. In early December 2021, the Plaintiff's doctors recommended that she continue her physical therapy and other treatments. The Plaintiff informed Ms. Clarke, Dr. Hunter, and Dr. Darko that she would need additional leave beyond January 2022. In response, Dr. Hunter suggested that the Plaintiff implement an alternating schedule – working one week on campus and one week remotely. The Plaintiff's physician submitted paperwork that an alternating schedule was not acceptable because of medical complications related to her disability. Ms. Clarke emailed the Plaintiff that she was aware that the Plaintiff's department accommodated her with a rotating schedule, but that she refused the accommodation. The Plaintiff again submitted her paperwork and requested an unpaid leave of absence for the Spring 2022 semester. Ms. Clarke said that the Defendant needed the Plaintiff's physician to complete additional forms by the end of January or beginning of February 2022. Ms. Clarke said that if the Plaintiff did not submit the additional paperwork, the Defendant would deem it job abandonment. Ms. Clarke also said that the Plaintiff's 5YS7fkx%iZDz FMLA leave ended in November 2021 despite the Plaintiff not having started her

leave until October and Defendant having previously approved her FMLA leave until January 2022.

25. Despite the fact that the Plaintiff submitted completed paperwork in December 2021 and yet again in January 2022, the Defendant sent the Plaintiff a third set of the same paperwork to be completed by her physician. On February 18, 2022, the Plaintiff's physician sent the Defendant correspondence via fax informing the Defendant that she would return to work in August 2022.

26. Less than a week later, the Plaintiff contacted Human Resources to let them know that the most recent set of paperwork the Defendant provided to the Plaintiff's physician was illegible. The Plaintiff asked them to send another set of paperwork, which they did. The Plaintiff's physician completed the paperwork and faxed it back to the Defendant.

27. On March 1, 2022, Ms. Clarke sent the Plaintiff a letter of separation terminating her employment because she purportedly failed to provide the Defendant with any medical updates in February. Later that same day, Ms. Clarke told the Plaintiff to disregard the termination letter. A few minutes later, Ms. Clarke emailed the Plaintiff again telling her to disregard the termination letter. Despite this retraction, the Defendant terminated the Plaintiff's benefits effective February 28, 2022.

28. On March 14, 2022, Ms. Clarke emailed the Plaintiff a separation letter terminating her employment because the Defendant allegedly could no longer accommodate the Plaintiff's requests for an unpaid leave of absence for the Spring 2022 semester. This is despite the fact that the Defendant was more than halfway through the spring semester, the Plaintiff was not a summer instructor, and she repeatedly informed the Defendant that she would return to in person teaching in August 2022 for the fall semester.

29. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

### COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")
**(Discrimination on the Basis of Disability)**

30. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

31. The ADA forbids discrimination based on disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

32. Plaintiff has a disability as that term is defined under the ADA, and, therefore, is a member of the protected class.

33. At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

34. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

35. At the time of the unlawful discrimination and ultimate termination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

36. Plaintiff was qualified for the position.

37. Defendant is a large institution, and therefore is a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

38. The failure of Defendant to adhere to the mandates of the ADA was willful and their violations of the provisions of the ADA were willful.

39. The Defendant accused the Plaintiff of inconveniencing and disrupting the department and the students, temporarily removed the Plaintiff's online access to her courses, continued to put pressure on her to return to teaching in person full time, and falsely accused her of not providing sufficient medical updates, claimed her FMLA leave had expired when it had not, and denied her request for an unpaid leave of absence; thus failing to engage in the interactive process; and ultimately terminating her employment. All of this demonstrates the Defendant's lack of adherence to its purported policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations.

40. Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff and ultimately terminate her employment is a mere pretext for the actual reasons for the failure to reasonably accommodate and for Defendant's termination of Plaintiff; inter alia Plaintiff's disability and request for a reasonable accommodation.

41. Upon information and belief, the Defendant allows non-disabled employees to use their benefits, including leave, without terminating them.

42. As a result of Defendant's violation, Plaintiff has suffered damages.

43. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and

suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the ADA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as this Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Disability)**

44.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

45.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

46.     Plaintiff has a disability as that term is defined in the FCRA, and therefore, is a member of a protected class.

47.     At all relevant and material times, Defendant failed to comply with the FCRA.

48.     At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

49. At the time of the unlawful discrimination and ultimate termination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

50. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

51. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff by terminating her on account of her disability in violation of the FCRA.

52. The Defendant accused the Plaintiff of inconveniencing and disrupting the department and the students, temporarily removed the Plaintiff's online access to her courses, continued to put pressure on her to return to teaching in person full time, and falsely accused her of not providing sufficient medical updates, claimed her FMLA leave had expired when it had not, and denied her request for an unpaid leave of absence; thus failing to engage in the interactive process; and ultimately terminating her employment.  All of this demonstrates the Defendant's lack of adherence to its purported policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations. .

53. Any allegedly nondiscriminatory reason for the Defendant's failure to reasonably accommodate Plaintiff and ultimately terminate her employment is a mere pretext for the actual reasons for the failure to reasonably accommodate Plaintiff; inter alia Plaintiff's disability.

54. Upon information and belief, the Defendant allows non-disabled employees to take time off without terminating them.

55. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination and termination due to her disability. Termination on the basis of disability constitutes unlawful discrimination.

56. As a result of Defendant's violation of the FCRA, Plaintiff has suffered damages.

57. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate her for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT III: VIOLATION OF ADA
### (Retaliation)

58. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

59. Plaintiff suffered from a disability as that term is defined under the ADA.

60. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

61. Defendant is an employer as that term is defined under the ADA.

62. Plaintiff had the right to request a reasonable accommodation.

63. When the Plaintiff engaged in the protected activity of requesting a reasonable accommodation, the Defendant retaliated against her by terminating her employment.

64. As a result of Defendant's violation, Plaintiff has suffered damages.

65. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her disability.

66. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the ADA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

67. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

68. Plaintiff had the right to request a reasonable accommodation.

69. When the Plaintiff engaged in the protected activity of requesting a reasonable accommodation, the Defendant retaliated against her by terminating her employment.

70. As a result of Defendant's actions, Plaintiff has suffered damages.

71. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her disability.

72. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

WHEREFORE, Plaintiff hereby requests this Court declare that Defendant's termination of Plaintiff was unlawful retaliation in violation of the FCRA, grant Plaintiff judgment against Defendant to compensate her for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT V: FMLA RETALIATION

73. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

74. Plaintiff had the right to request FMLA leave.

75. The Plaintiff qualified for FMLA leave.

76. The Defendant terminated Plaintiff in retaliation for taking FMLA leave.

77. Plaintiff's termination constituted an adverse employment action.

78. Plaintiff's action in requesting her FMLA leave was "protected activity" under the FMLA.

79. Plaintiff's request for FMLA leave was, at a minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

80. Defendant's purported reason(s), if any, for terminating Plaintiff's employment are pretextual.

81. As a direct result of her termination, Plaintiff has suffered, and will continue to suffer a loss of wages, employment benefits, and other compensation denied or lost to her by reason of Defendant's violation. Defendant's conduct was not done in good faith, and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages salary, employment benefits, and other compensation.

82. Plaintiff is entitled to an award of her reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. §2617(a)(3).

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant for her lost wages, employment benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, liquidated damages, equitable relief as this Court deems appropriate, Plaintiff's costs, expert witness fees, and attorney's fees, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of July 2023

By:  s/*Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff