**AMERICAN ARBITRATION ASSOCIATION**
Case Number: 01-23-0001-3722
Order #3

**RAYMOND HICKS,**

 **Claimant,**

vs.

**GEO GROUP / BROWARD TRANSITIONAL CENTER,**

 **Respondent.**
_____/

**ORDER ON RESPONDENT'S MOTION TO DIMISS
CLAIMANT'S AMENDED STATEMENT OF CLAIM**

THIS CAUSE comes before the Arbitrator upon Respondent, GEO Group / Broward Transitional Center's *Motion to Dismiss Claimant's Amended Statement of Claim* ("*Respondent's Motion*") dated March 4, 2024. A hearing took place on *Respondent's Motion* on March 14, 2024, at 10:30 am. Having reviewed the parties' pleadings[1], the record and heard arguments of counsel, and being otherwise fully advised, it is hereby ORDERED AND ADJUDGED that *Respondent's Motion* is GRANTED in part and DENIED in part for the reasons stated below.

**I. BACKGROUND**

Claimant, Raymond Hicks is a Black/ African American male was hired as a full-time

---

[1] Prior to the hearing, Respondent's counsel raised concerns with the Arbitrator that Claimant failed to timely file his Response to *Respondent's Motion*, and that he did not comply with the page limits as instructed in Order #1 for non-dispositive motions which was the manner this matter was being treated to expedite the hearing process as was mentioned at the prior hearing. Claimant's counsel provided a good faith reason explaining his office calendared the matter as a dispositive motion which caused the late filing. The Arbitrator notes, Claimant's Response to *Respondent's Motion* was a double-spaced document, and therefore, it would likely be three (3) pages in length if single spaced. The Arbitrator accepted the pleading as filed. However, Claimant was instructed to comply with all arbitration rules and orders going forward with no exceptions.

1

Detention Center Security Officer with the GEO Group on June 1, 2021. He alleges that on his last training day, he was placed on administrative leave without pay for failing to meet client requirements, and was terminated on June 28, 2022, for failing a background investigation. Claimant dually filed his Charge of Discrimination ("*Charge*") on June 3, 2022, alleging race and sex discrimination which he attached as Exhibit A to his Amended Statement of Claim.

Claimant's Amended Statement of Claim contains four (4) counts: Sex Discrimination (Count I), Race Harassment (Count II), Race Discrimination (Count III), and Retaliation (Count IV). Claimant has pled all his claims under Florida Civil Rights Act of 1992, more specifically, Florida Statute §760.10. Reviewing Exhibit A to Claimant's Amended Statement of Claim, the *Charge*, EEOC Form 5 Claimant used appears to be an older form, as it merely contains one box entitled "Discrimination Based On"; and in that one box, only the word "Race" appears. Claimant's allegations in the Particulars section of his *Charge* alleges unequal terms and conditions of his employment based on his race and gender resulting in his termination. Nowhere in any of the designated inquiry areas of the *Charge* do the words retaliation appear. Claimant's Discrimination Statement in his *Charge* alleges violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), but does not reference the Florida Civil Rights Act ("FCRA"), while Claimant's Amended Statement of Claim was filed entirely under the FCRA and not Title VII.

*Respondent's Motion* argues Claimant failed to exhaust his administrative remedies under the FCRA which requires dismissal of Claimant's Amended Statement of Claim in its entirety; that Counts II and IV of Claimant's Amended Statement of Claim for retaliation and harassment exceed the scope of his *Charge*; and that Counts II and IV also fail to state a claim for race harassment (hostile work environment) and retaliation.

## II. LEGAL STANDARD

In accordance with Rule 27 of the Employment Arbitration Rules and Mediation Procedures, "The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in case." That is the very circumstance we are presented with in this matter which is why the undersigned Arbitrator allowed the filing of *Respondent's Motion*.

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. [T]he court must accept all well-pleaded factual allegations as true and draw all inferences in favor of the plaintiff. *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017). And the "court must limit its consideration to the pleadings and exhibits attached to the pleadings...." *Gubanova v. Miami Beach Owner, LLC*, No. 12-22319, 2013 WL 6229142, at *1 (S.D. Fla. Dec. 2, 2013) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)).

With that said, "[t]he district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (citing Fed.R.Civ.P. 12(b)). Nonetheless, a district court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. at 1276 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). "In this context, 'undisputed' means that the authenticity of the document is not challenged." Id. (citing *Horsley*, 304 F.3d at 1134). The Eleventh Circuit has also made clear "that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*." Id. (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir.1999)). The Arbitrator has concluded that she may consider Claimant's *Charge* as it was attached to Claimant's Amended Statement of Claim, neither party is disputing the Charge's authenticity, and it is essential to the analysis for the purposes of *Respondent's Motion*.

### III. ANALYSIS

Section 760.11 of the Florida Statutes establishes administrative and civil remedies for violations of the FCRA. Fla Stat. §760.11. Section 760.11(1) provides that "[a]ny person aggrieved by a violation of §§ 760.01–760.10 may file a complaint with the [FCHR] within 365 days of the alleged violation...." Fla. Stat. § 760.11(1). As an alternative to filing a charge of discrimination directly with the FCHR, the statute also authorizes the filing of "a complaint under this section ... with the federal [EEOC] or with any unit of government of the state which is a fair employment-

4

practice agency...." *Id.* Before filing an FCRA action however, a plaintiff must first exhaust administrative remedies by filing a charge with the appropriate agency. *Jones v. Bank of Am.*, 985 F.Supp. 2d 1320, 1325 (M.D. Fla. 2013) (citing *Bridges v. Standard Pac. of Tampa GP, Inc.*, No. 8:06-cv-1937-T-23-TGW, 2007 WL 177688, at *1 (M.D. Fla. Jan. 19, 2007); Fla. Stat. § 760.11). The complaint "must set forth 'a short and plain statement of the facts describing the violation and the relief sought." *Woodham v. Blue Cross & Blue Shield of Fla. Inc.*, 829 So. 2d 891, 894 (Fla. 2002) (quoting Fla. Stat. § 760.11(1)). Courts have been "extremely reluctant to allow procedural technicalities to bar claims brought under [discrimination statutes]." *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (quoting *Gregory v. Ga.Dept. of Human Res.*, 355 F.3d 1277, 1280 (11th Cir.2004)). "To that end, [the Eleventh Circuit has] noted that the scope of an EEOC complaint should not be strictly interpreted." *Id.* (quoting *Gregory*, 355 F.3d at 1280).

Additionally, under Florida's workshare agreement, the EEOC and the Commission each designate the other as an agent for the purposes of receiving and drafting charges, thus allowing an aggrieved party to elect to dual file a charge of discrimination with both agencies. See *U.S. Equal Emp. Opportunity Comm'n, FY 2017 EEOC/FEPA Worksharing Agreement, Worksharing Agreement Between Florida Commission on Human Relations and the U.S. Equal Employment Opportunity Commission* 2 (2017). See *Ramos v. Steak N Shake, Inc.*, ___ So. 3d___, 2023 WL 8791666, at *3-4 (Fla. 2d DCA Dec. 20, 2023).

As is apparent from the face of *Charge*, Claimant dual filed with the FCHR and EEOC. The parties have cited substantial authorities concerning this aspect of the dispute. This is understandable given the case law on this subject has developed substantially over the past few years. In fact, a certified conflict has since emerged between Florida's Second and Fourth District Courts of Appeal on this exact issue while this matter has been in arbitration. See *Id.*, at *3-4 (Fla.

2d DCA Dec. 20, 2023) (noting certified conflict between the Second and Fourth DCAs); *Almond v. Wells Fargo Bank*, N.A., No. 23-23671, ECF No. 21, at 6 (S.D. Fla. Jan. 24, 2024) (same); *Narvaez v. Fla. Health Scis. Ctr.*, No. 8:23-CV-2195-TPB-NHA, 2024 WL 167260, at *4 (M.D. Fla. Jan. 16, 2024) (same).

In *Almond v. Wells Fargo Bank, N.A.*, No. 23-23671, ECF No. 21, (S.D. Fla. Jan. 24, 2024) Judge Moore denied a defendant's motion to dismiss and rejected a nearly identical exhaustion argument in the Title VII context after evaluating a similar EEOC Charge and analyzing the circuit conflict described above. See generally *Id*. After considering the FCRA's text, purpose, and legislative history, Judge Moore concluded that, although the statute requires a plaintiff to "identify a violation that he purportedly suffered, the statute does not require that Plaintiff must invoke which statutory scheme under which he plans to proceed." *Id*. at 9. Judge Moore went on to conclude that "[h]ad the Florida legislature intended to require an aggrieved party to allege that his claim arises under the FCRA, it could have easily done so. It did not. To hold otherwise would write a requirement into the statute that does not otherwise exist." *Id*.

The Arbitrator acknowledges the conflict amongst the courts, but this is not the forum for this conflict to be resolved. It is clear from the pleadings and body of the Particulars in Claimant's *Charge* that the facts are nearly identical to that of *Almond* as his discrimination claims were brought under Title VII, which one could fairly conclude Claimant has exhausted his administrative remedies by virtue that he dually filed his *Charge*. Although he did not specifically reference the FCRA, Respondent was no doubt on notice of the claims which are identical to those in his Title VII allegations. See also *Jackson v. Alto Experience, Inc.*, 23-CV-22319-RAR (S.D. Fla. Feb. 12, 2024). *Respondent's Motion* to Dismiss Claimant's Amended Statement of Claim for

filing his claim under the FCRA in total is denied. However, the below further addresses Counts II and IV more specifically.

Turning to the *Respondent's Motion* as to Counts II and IV of Claimant's Amended Statement of Claim for retaliation and harassment exceeding the scope of his *Charge*, the undersigned Arbitrator is concerned as to these two claims. Count II of Claimant's Amended Statement of Claim for race harassment bears no significant facts which reference any material details of harassment. However, because Claimant has identified race in his *Charge* and has at least laid out a colorable generic recitation of allegations with boilerplate standards that create a cause of action, *Respondent's Motion* is denied as to Count II. That is not to say that Claimant's allegations are entirely compliant with *Iqbal* or *Twombly*, as they appear to just barely fulfill the obligations of those pleading requirements. Because this claim is not subject to a Motion for Summary Judgment, it is not appropriate to dismiss Claimant's race harassment claim. Given no discovery has been conducted, and the Arbitrator must solely focus on the four corners of the pleadings, Claimant has provided sufficient even if scanty information to proceed with his claim for race harassment.

As to Count IV of Claimant's Amended Statement of Claim, nowhere on his *Charge* was there any indication Claimant was filing an allegation of retaliation. Courts will allow judicial claims that "amplify, clarify, or more clearly focus" the EEOC complaint allegations, but "allegations of new acts of discrimination are inappropriate" for a post-charge judicial complaint. Similarly, a plaintiff is precluded from raising allegations in a civil action unless they are reasonably related to the underlying charges raised before the EEOC. *Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1280 (11th Cir. 2004). Although Claimant's Amended Statement of Claim provides some facts and standard allegations as to a cause of action, this information was

7

not included in his *Charge*, and these facts do not "amplify or clarify" let alone grow out of the facts in his *Charge*. Instead, it appears Claimant is attempting to bring a new set of facts and cause of action relating to an entirely separate act which does not align with the prescriptions of any of the case law, nor does it appear that Respondent would have been on sufficient notice at the time the *Charge* was filed. See, *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). See also, *Gregory* at 1280.

Claimant cites *Baker v. Nucor Steel Birmingham Inc.*, No. 2:17-CV-01863-KOB, 2018 WL 2959884 (N.D. Ala. June 13, 2018) in his Response to *Respondent's Motion* which is distinguishable from his case. In *Baker*, the Plaintiff filed his EEOC *Charge* and then the employer retaliated against him. *Id*. emphasis added. The facts in *Baker* are distinct and inapplicable to Claimant's case here. In this case, Claimant had already been terminated by Respondent when he filed his *Charge*. There was nothing left to "grow" out of his matter factually except for Claimant to file his *Charge* following his termination. Claimant made no such allegations in his *Charge* that squarely demonstrates anywhere he was alleging retaliation, nor did he state the simple word "retaliation" anywhere in the various dialogue boxes of the document. Retaliation could not be implied or gleaned from Claimant's *Charge* the way sex / gender was referenced in his *Charge* although it was not included in the "Discrimination Based On" box which only identified "Race". In this circumstance, Claimant's sex / gender allegations in the Particulars section of the *Charge* survives because the facts referenced are easily interpreted. Here, Claimant's failure to include any indicia of retaliation in his *Charge* is fatal to this claim. Thus, Claimant failed to administratively exhaust his remedies by identifying retaliation as part of his *Charge* or at least properly threading the needle in the facts of his *Charge* to raise the issue of retaliation with enough clarity or information to allow for its survival. Merely amending his Statement of Claim to include boiler

plate allegations in addition to new facts without sufficiently having included retaliation as part of his *Charge* is not enough to cure the problem. See *Gregory,* 355 F.3d at 1280. The Arbitrator need not address whether Claimant has properly pled a claim for retaliation given he failed to exhaust his administrative remedies by not including retaliation in his *Charge*. For these reasons, Count IV of Claimant's Amended Statement of Claim is dismissed with prejudice.

DONE AND ORDERED on **March 18, 2024.**

*/s/  Erika Deutsch Rotbart*
Erika Deutsch Rotbart, Arbitrator